IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JANE DOE 1, et al. | : | |
| v. | : | Civil Action No. DKC 26-1836 |
| MEDSTAR HEALTH INC., et al. | : | |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this putative class action tort case is the motion for permission to proceed under pseudonyms filed by plaintiffs Jane Doe 1, Jane Doe 2, Jane Doe 3, and Jane Doe 4 (collectively, "Plaintiffs"). (ECF No. 7). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion will be granted.

## I. Background

Plaintiffs, using pseudonyms, filed this action against Defendants MedStar Health, Inc. ("MedStar") and Dr. James Curtis Roberson II (collectively, "Defendants") on May 9, 2026. (ECF No. 1). Plaintiffs allege that while he was employed by MedStar, Dr. Roberson engaged in verbal and physical sexual misconduct toward them and other patients. (*Id.* ¶¶ 13, 15, 25–51, 58). On May 11, 2026, the court directed Plaintiffs to file a motion to proceed anonymously and to file an unredacted version of the complaint

under seal within twenty-one days. (ECF No. 5). Plaintiffs filed the motion for permission to proceed under pseudonyms on June 1, 2026, (ECF No. 7) and filed under seal an unredacted complaint on June 2, 2026 (ECF No. 8). Defendants did not file an opposition to Plaintiffs’ motion.

**II. Analysis**

> Pursuant to Federal Rule of Civil Procedure 10(a), a civil complaint “must name all the parties.” The rule recognizes “the general presumption of openness of judicial proceedings,” which has a basis both in common law and in the First Amendment. *See James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993); *Doe v. Public Citizen*, 749 F.3d 246, 265–66 (4th Cir. 2014). We have explained that “[p]seudonymous litigation undermines the public’s right of access to judicial proceedings” because “[t]he public has an interest in knowing the names of litigants, and disclosing the parties’ identities furthers openness of judicial proceedings.” *Public Citizen*, 749 F.3d at 274 (internal citations omitted).
>
> Nevertheless, district courts may, in their discretion, allow pseudonymous litigation because “privacy or confidentiality concerns are sometimes sufficiently critical that parties or witnesses should be allowed this *rare* dispensation.” *James*, 6 F.3d at 238 (emphasis supplied). To warrant this relief, the circumstances must be “exceptional.” *Pub. Citizen*, 749 F.3d at 273.

*Doe v. Doe*, 85 F.4th 206, 210–11 (4th Cir. 2023). District courts consider five nonexhaustive factors when determining whether a party may proceed under a pseudonym:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent nonparties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and, (5) relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* at 211 (quoting *James,* 6 F.3d at 238) (citation modified).

The first factor considers whether the purpose of the use of pseudonyms is to "preserve privacy in a matter of sensitive and highly personal nature." *James*, 6 F.3d at 238. Plaintiffs allege that Dr. Roberson engaged in sexual misconduct toward them during medical examinations, including touching them in inappropriate areas. (ECF No. 1 ¶¶ 29–30, 36, 43). These allegations "implicate[] 'privacy or confidentiality concerns' of the highest order." *Doe v. Sidar*, 93 F.4th 241, 248 (4th Cir. 2024) (quoting *James*, 6 F.3d at 238). For this reason, the first factor is "generally satisfied in cases involving sexual misconduct." *Doe S.E.S. v. Choice Hotels Int'l, Inc.*, No. 24-cv-3776-DKC, 2025 WL 1399235, at *2 (D.Md. May 14, 2025); *see also Doe v. Chesapeake Med. Sols., LLC*, No. 19-cv-2670-SAG, 2020 WL 13612472, at *1 (D.Md. Feb. 26, 2020); *Doe v. Cabrera*, 307 F.R.D. 1, 5 (D.D.C. 2014).

Furthermore, this case will "involve details of [Plaintiffs'] medical treatment," (ECF No. 7, at 3), another sensitive and highly personal subject. *See Chesapeake Med. Sol.*, 2020 WL 13612472, at *2. Accordingly, the first factor weighs strongly in favor of allowing Plaintiffs to proceed under pseudonyms.

The second factor considers "whether identification poses a risk of retaliatory physical or mental harm to the requesting part[ies]." *James*, 6 F.3d at 238. This factor is typically met in cases involving sensitive subjects. There is a risk of retaliatory mental harm where plaintiffs "may face psychological harm from having [their] sensitive experience made permanently available to anyone with Internet access." *E.E.O.C. v. Spoa, LLC*, No. 13-cv-1615-CCB, 2013 WL 5634337, at *3 (D.Md. Oct. 15, 2013); *see also J. Doe v. Univ. of Md., Balt.*, No. 25-cv-2242-JRR, 2026 WL 923334, at *3 (D.Md. Apr. 6, 2026). It is unfortunately the case that alleged victims of sexual misconduct "face a very real risk of harassment, ridicule, and personal embarrassment." *Doe v. Anne Arundel Cnty.*, No. 23-cv-3451-JRR, 2024 WL 2053719, at * 2 (D.Md. May 8, 2024) (citation omitted); *see also Doe v. City of Philadelphia*, No. 23-cv-0342-KSM, 2023 WL 4110064, at *3 (E.D.Pa. June 21, 2023). The second factor therefore weighs in favor of the use of pseudonyms.

Plaintiffs concede that the third factor, the ages of the persons to be protected, weighs against the use of pseudonyms because Plaintiffs are not minors. (ECF No. 7, at 4); *see also Anne Arundel Cnty.*, 2024 WL 2053719, at * 3.

The fourth factor considers "whether the action is against a governmental or private party." *James*, 6 F.3d at 238. Courts are less likely to permit pseudonyms in a suit against a private individual because of the risk that the private defendant's "reputation may be harmed unfairly if Plaintiff[s] [are] permitted to proceed anonymously." *Doe v. 2 Unknown Emp[s]. of EEOC*, No. 18-cv-930-DKC, 2018 WL 3159068, at *2 (D.Md. June 28, 2018); *see also Doe v. Merten*, 219 F.R.D. 387, 394 (E.D.Va. 2004). Thus, this factor typically weighs against the use of pseudonyms in suits against private parties. *See Univ. of Md., Balt.*, 2026 WL 923334, at *4; *Anne Arundel Cnty.*, 2024 WL 2053719, at *3. Plaintiffs argue that "there is little risk of additional reputational harm to Defendants in this matter" because allegations of sexual misconduct by Dr. Roberson have already been covered in the media and are the subject of a parallel lawsuit. (ECF No.7, at 4–5). This argument is flawed because the accumulation of cases, media coverage and allegations may cause additional reputational harm. The fourth factor therefore weighs against the use of pseudonyms.

The fifth factor evaluates "the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously." *James*, 6 F.3d at 238. Plaintiffs agree to disclose their identities to Defendants, enabling Defendants to investigate their claims fully. (ECF No. 7, at 5). Therefore, "there is no risk that allowing Plaintiff to proceed by pseudonym will prejudice Defendant's defense." *Univ. of Md., Balt.*, 2026 WL 923334, at *5; *see also Doe S.E.S.*, 2025 WL 1399235, at *3. Furthermore, Defendants do not oppose the motion for permission to proceed under pseudonyms or suggest that anonymity would be unfair to their defense.[1] *See Anne Arundel Cnty.*, 2024 WL 2053719, at *4. Therefore, the fifth factor weighs in favor of the use of pseudonyms.

Weighing the *James* factors together, Plaintiffs have demonstrated that they should be allowed to proceed under pseudonyms. Plaintiffs' allegations implicate serious privacy concerns and there is no suggestion of unfairness to Defendants. This conclusion is in accord with similar cases. *See, e.g.*, *Anne Arundel Cnty.*, 2024 WL 2053719; *Chesapeake Med. Sols.*, 2020 WL 13612472; *Spoa*, 2013 WL 5634337.

[1] Plaintiffs' motion does not request the use of pseudonyms at trial, and it is not necessary at this early stage to decide the question. *See Doe S.E.S*, 2025 WL 1399235, at *3.

## III. Conclusion

For the foregoing reasons, Plaintiffs' motion for permission to proceed under pseudonyms will be granted. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge